UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

JOSHUA LINER,

                Plaintiff,          11 Civ. 5196 (JGK)

      - against -          MEMORANDUM OPINION
                                     AND ORDER

CITY OF NEW YORK, ET AL.,

                Defendants.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

JOHN G. KOELTL, District Judge:

     The plaintiff, Joshua Liner, claims that he was subjected to unconstitutional strip searches while he was incarcerated. The plaintiff, proceeding pro se, alleges that he should have received a settlement payment as a member of the McBean class--a class of pretrial detainees arraigned on certain non-felony offenses who were strip searched and for whom a class action settlement was reached. See McBean v. City of New York, 228 F.R.D. 487 (S.D.N.Y. 2005). The plaintiff also alleges that the McBean strip searches were disproportionately performed on black and Hispanic inmates, and that the McBean settlement funds were disproportionately paid out to black and Hispanic inmates who had outstanding debts to the City of New York.

     The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that his rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated. The plaintiff names the City of New York ("the City") and Mayor

Michael Bloomberg ("the Mayor") as defendants in this action.[1]
The City and the Mayor now move to dismiss the Amended Complaint
pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure.[2]

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6),
the allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007).  The Court's function on a motion to dismiss is "not to
weigh the evidence that might be presented at a trial but merely
to determine whether the complaint itself is legally
sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.
1985).  The Court should not dismiss the complaint if the
plaintiff has stated "enough facts to state a claim to relief
that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw

---

[1] The Amended Complaint proposed to "add co defendants
Commissioner of DOCS City of New York, and Corporation Counsel
of City of New York."  However, those individuals have not been
served.
[2] The plaintiff has also filed a cross motion for summary
judgment pursuant to Rule 56 of the Federal Rules of Civil
Procedure.  However, the plaintiff's cross motion is more
properly viewed as his opposition to the defendants' motion to
dismiss.

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the

complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."   Id.


## II.

In this case, the plaintiff alleges that he should have received a settlement payment as a member of the McBean class. The McBean settlement required that a proof of claim be submitted by September 11, 2010, although late claims would be considered if submitted no later than December 15, 2010.   See Order Approving the March 16, 2010 Stipulation of Settlement, McBean v. City of New York, No. 02 Civ. 5426 (S.D.N.Y. Oct. 21, 2010), ECF No. 294.   In this case, however, there is no evidence--and the plaintiff does not suggest--that the plaintiff ever submitted a claim.   He thus has failed to meet the precondition for participation in the fund that was part of the McBean settlement agreement "so ordered" by the Court. Consequently, he is not entitled to any disbursement from the McBean settlement fund.

The plaintiff contends that he did not receive notice of the settlement and that therefore he should not be bound by the deadline.   Nevertheless, it is fair and consistent with the Federal Rules of Civil Procedure and due process to apply the December 15, 2010 deadline to the plaintiff.   The proposed settlement of the class action included an extensive notice

program designed to provide more than adequate notice to
potential claimants such as the plaintiff.  Federal Rule of
Civil Procedure 23(c)(2) provides that "[f]or any class
certified under Rule 23(b)(3), the court must direct to class
members the best notice that is practicable under the
circumstances, including individual notice to all members who
can be identified through reasonable effort."  Fed. R. Civ. P.
23(c)(2)(B).

The <u>McBean</u> settlement established a website and sent
bilingual claim forms to the last known addresses of potential
settlement class members.  <u>See</u> Order Approving Notices and Plan
of Administration, <u>McBean v. City of New York</u>, No. 02 Civ. 5426
(S.D.N.Y. Apr. 27, 2010), ECF No. 243.  Individual notice, in
the form of a notice packet containing a claim form, was sent to
all ascertainable members of the class.  <u>See id.</u>  A summary of
the settlement was posted throughout the State in locations
where members of the class were likely to see them.  <u>See</u> Order
Approving the March 16, 2010 Stipulation of Settlement, <u>McBean
v. City of New York</u>, No. 02 Civ. 5426 (S.D.N.Y. Oct. 21, 2010),
ECF No. 294.  The settlement was widely publicized on the radio,
television, the internet, and in newspapers.  <u>See id.</u>

The notice program was sufficient to comport with the
requirements of Rule 23.  <u>See</u> Order Approving the March 16, 2010
Stipulation of Settlement, <u>McBean v. City of New York</u>, No. 02

Civ. 5426 (S.D.N.Y. Oct. 21, 2010), ECF No. 294, at *7 ("Notice to the Settlement Class was the best practicable notice under the circumstances and complied with Fed. R. Civ. P. 23(c)(2)."); see also McBean v. City of New York, No. 02 Civ. 5426, 2012 WL 3240600, at *1-2 (S.D.N.Y. Aug. 6, 2012).  Due process requires only that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted); see also Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir. 1988) (citations omitted).  "[N]otice by mail sent to the last known address of the absent class member meets the due process requirement of notice through 'reasonable effort' even where numerous class members have since changed addresses and do not receive notice." In re Prudential Sec. Inc. Ltd. P'ships Litig., 164 F.R.D. 362, 369 (S.D.N.Y. 1996) (citations omitted).  The McBean settlement program was thorough and included mailings to the last known addresses of potential claimants.  Therefore, the fact that the plaintiff alleges he did not receive notice in a timely fashion is irrelevant to whether he is nonetheless bound by the settlement agreement deadline.

"That members of the class may not receive adequate notice is not an uncommon potentiality in class actions, but that

potentiality is addressed by the notice provisions agreed-to by the parties, and so ordered by the Court." Yanda v. Vanguard Meter Serv., No. 92 Civ. 2827, 1995 WL 358663, at *3 (S.D.N.Y. June 14, 1995) (denying late filed claims despite claimants' lack of actual notice prior to the deadline for filing).  The plaintiff, having failed to submit his claim in accordance with the terms of the settlement, is not entitled to recovery under the terms of the settlement.

Finally, it would be inequitable to vary the terms of the settlement for the benefit of the plaintiff.  "Counsel for the [McBean] plaintiffs advise that approximately 900 other persons submitted claims after the December 2010 cut-off, and their claims have been denied." McBean v. City of New York, No. 02 Civ. 5426, 2012 WL 3240600, at *2 (S.D.N.Y. Aug. 6, 2012).  It would be unfair to treat the plaintiff differently from those others who are similarly situated and whose claims have been denied, especially given that "there must be finality in the claims process." Yanda, 1995 WL 358663, at *3.  In addition, opening the settlement to new claimants would be unfair because it would require administrative procedures to verify the claims, assess the existence of any liens, and provide for contingencies such as uncashed checks.  All of these issues could change or delay distribution to members of the class who had submitted timely claims.

### III.

Moreover, if for some reason the plaintiff's allegations could be read as based on some exclusion from the <u>McBean</u> class, the Amended Complaint would be barred by the statute of limitations.  In New York, the statute of limitations applicable to claims brought under § 1983 is three years.  <u>Patterson v. Cnty. of Oneida, N.Y.</u>, 375 F.3d 206, 225 (2d Cir. 2004) (citations omitted).  Here, the plaintiff alleges that the last strip search to which he was subjected occurred on April 8, 2003.  (Am. Compl. at 4.)  However, the plaintiff's Complaint is dated July 11, 2011--more than eight years after the last alleged strip search occurred.

Assuming the statute of limitations was tolled during the pendency of the <u>McBean</u> litigation pursuant to <u>Am. Pipe & Constr. Co. v. Utah</u>, 414 U.S. 538 (1974), the Amended Complaint would still be time-barred.  In <u>American Pipe</u>, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  <u>Id.</u> at 554.  "Once they cease to be members of the class--for instance, when they opt out or when the certification decision excludes them--the limitation period

begins to run again on their claims." <u>In re Worldcom Sec.</u>
<u>Litig.</u>, 496 F.3d 245, 255 (2d Cir. 2007).

If the plaintiff in this case was excluded from the <u>McBean</u>
class when it was preliminarily certified in October 2007, <u>see</u>
<u>McBean v. City of New York</u>, No. 02 Civ. 5426, 2007 WL 2947448
(S.D.N.Y. Oct. 5, 2007), the tolling would have ended at that
point.  Accordingly, the three-year statute of limitations would
have expired in October 2010--nearly a year before the plaintiff
filed his Complaint in this case.  Therefore, the Amended
Complaint is plainly time-barred and must be dismissed.  The
Court dismisses the Amended Complaint with prejudice because the
plaintiff already had an opportunity to file an amended
complaint with the warning that if it were dismissed, it would
be dismissed with prejudice.  <u>See</u> Order, <u>Liner v. City of New</u>
<u>York</u>, No. 11 Civ. 5196 (S.D.N.Y. Feb. 6, 2012), ECF No. 18.


### IV.

The plaintiff further alleges that the <u>McBean</u> strip
searches were disproportionately performed on black and Hispanic
inmates, and that the <u>McBean</u> settlement funds were
disproportionately paid out to black and Hispanic inmates who
had outstanding debts to the City of New York.  However, the
plaintiff has alleged no facts to support such conclusory
allegations.  Because the plaintiff has not alleged sufficient

facts to support a plausible claim, these allegations must fail.
See Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570.
Moreover, any such claims are barred.  They were either covered
by the McBean settlement or excluded from the McBean class and
barred by the statute of limitations, as explained above.


                                V.

     The defendants also assert that the claims against the
Mayor should be dismissed because he had no personal involvement
in the alleged deprivation of the plaintiff's constitutional
rights.  A plaintiff must plead the personal involvement of each
defendant in a violation of § 1983.  "There is no respondeat
superior liability in § 1983 cases."  Green v. Bauvi, 46 F.3d
189, 194 (2d Cir. 1995) (citing Monell v. Dep't of Soc. Servs.,
436 U.S. 658, 691 (1978)).  Instead, "a plaintiff must plead
that each Government-official defendant, through the official's
own individual actions, has violated the Constitution."  Iqbal,
556 U.S. at 676.  Here, the plaintiff has failed to allege
sufficient facts to support a plausible claim that the Mayor had
any personal involvement in the alleged unconstitutional strip
searches or the decisions with respect to the McBean settlement.
Therefore, the claims against the Mayor must also be dismissed
for lack of personal involvement.



                                10

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the defendants' motion is **granted**.  The Clerk is directed to enter judgment dismissing the Amended Complaint with prejudice and closing this case.  The Clerk is also directed to close Docket Nos. 34 and 41.

**SO ORDERED.**

Dated:     New York, New York
           October 24, 2012

                                    John G. Koeltl
                              United States District Judge

11